NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| TRAVELODGE HOTELS, INC. | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | Civil Action No. 11-1464 (DMC) (JAD) |
| PERRY DEVELOPERS, INC.; DAVIS SCHOTT; LAURIE LOURIE, and MARY JANE SIDES, | : | |
| | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants to transfer venue to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a). No oral argument was heard pursuant to RULE 78. For the reasons stated below, Defendants' motion is **granted**.

### I. BACKGROUND[1]

On or about March 27, 2007, Plaintiff Travelodge Hotels, Inc. ("THI" or "Plaintiff") entered into a License Agreement (the "Agreement") with Defendant Perry Developers, Inc. ("Perry") for the operation of a Travelodge® franchise guest lodging facility located in Perryville, Missouri. Compl. ¶ 10. Pursuant to Section 9.3 of the License Agreement, Perry was obligated to operate the

---

[1] The facts are derived from the parties' submissions.

guest lodging facility for a 15-year term. ¶ 11.  Further, Perry was prohibited from leasing the Facility, or engaging in any change, assignment, transfer, conveyance, or pledge of its interest without THI's prior written consent. ¶ 16.  Any attempted transfer, assignment, conveyance, or pledge not in accordance with the Agreement would be void as between THI and Perry, and would give THI the right to terminate the Agreement. ¶ 16.  Section 11.2 of the License Agreement provided termination procedures that allowed THI to terminate the License Agreement, with notice to Perry, if Perry discontinued operating the Facility as a Travelodge® guest lodging facility or lost possession or the right to possession of the Facility. ¶ 17.

Included in the Agreement was the following forum selection clause:

> You consent and waive your objection to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under this Agreement or between we and you.

Compl., Ex. A § 17.6.3.

Effective as of the date of the Agreement, Individual Defendants David Schott ("Schott"), Laurie Lourie ("Lourie"), and Mary Jane Sides ("Sides") provided THI with a Guaranty of Perry's obligations under the License Agreement ("Guaranty").[2]  ¶ 22.  In accordance with the Guaranty, Schott, Lourie, and Sides agreed that, upon a default under the License Agreement, they would "immediately make each payment and perform or cause [Perry] to perform, each unpaid or unperformed obligation of [Perry] under the [License] Agreement." ¶ 23.

On or about May 17, 2008, Perry sold the Facility to a third party, allegedly without the prior

---

[2]Defendants Schott, Lourie, and Sides are all principals of Perry.  Defendants Lourie and Sides are citizens of Missouri and Defendant Schott is a citizen of Illinois.

consent of THI.[3]  In a letter dated June 3, 2008, THI notified Perry of the automatic termination of the License Agreement which occurred on May 17, 2008 when Perry's relinquished control of the Travelodge® Facility.

On March 15, 2011, Plaintiff instituted the present diversity action against Perry Developers and its principals/guarantors Schott, Lourie, and Sides.  The Complaint asserts a breach of the License Agreement and seeks an accounting, payment of liquidated damages or in the alternative, actual damages, payment of "recurring fees", and unjust enrichment.  THI also asserts a separate claim against the Individual Defendants based upon the Guaranty.  Venue was predicated on the forum selection clause provided in § 17.6.3 of the License Agreement.  Defendants now seek to have the action transferred to the Eastern District of Missouri.

## II. DISCUSSION

A.   Legal Standard

The decision of whether to transfer a case is committed to the trial court's sound discretion.  Cadapult Graphic Sys. v. Tektronix, Inc., 98 F.Supp.2d 560, 564 (D.N.J. 2000); Days Inns Worldwide, Inc. v. RAM Lodging, LLC, No. 09-2275, 2010 WL 1540926, at *2 (D.N.J. April 14, 2010).  Transfer is guided by Section 1404(a), which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The burden for

---

[3]Perry maintains that it duly gave notice to THI of its intent to sell the Facility and that it was the understanding of Perry that the third party to which the sale was made was making an application to Travelodge to assume the franchise and continue operations at the site as a Travelodge facility.  Perry maintains that it was only advised of the third party's failure to assume the Travelodge franchise after the closing of the contract for sale.

establishing the need for transfer rests with the movants. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The movant must demonstrate "the proprietary of venue in the transferee district and jurisdiction over all of the defendants." RAM Lodging, 2010 WL 1540926 at *2, quoting LG Electronics, Inc. v. First Int'l Computer, Inc., 102 F.Supp.2d 574, 586 (D.N.J. 2001).

The Court must engage in a two part analysis to determine whether a motion to transfer venue should be granted. As a threshold matter, the Court must decide whether the transferee district has proper jurisdiction and venue, such that the case could have been brought in the transferee district in the first instance. Lawrence v. Xerox Corp., 56 F.Supp.2d 442, 450 (D.N.J. 1999). The Court must then conduct an "individualized, case-by-case consideration of convenience and fairness" regarding which forum is most appropriate to consider the case. Id.

Transfer analysis is a flexible inquiry that turns on the unique circumstances presented in each case. See Lawrence, 56 F.Supp. 2d at 450. To guide this analysis, the Third Circuit has instructed courts to consider various factors regarding the private interests of the litigants as well as the public interest in a fair and efficient administration of justice. Jumara, 55 F.3d at 879-80; see also RAM Lodging, 2010 WL 1540926 at *3. The private interests to be considered include (1) the Plaintiff's choice of forum, (2) the defendant's forum preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties as indicated by their relative physical and financial condition, (5) the convenience of the witnesses to the extent that a witness will not be available for trial, and (6) the location of books and records and whether they will be unavailable in the alternative forum. Id.

The public interests to be considered include (1) the enforceability of the judgment, (2) practical considerations that would make the trial easy, expeditious, or inexpensive, (3) the

relative administrative difficulty in the two fora resulting from court congestion, (4) the local interest in deciding local controversies at home, (5) the public policies of the fora, and (5) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80. Neither list of factors is exhaustive, and courts should engage in a flexible and individualized analysis of the unique facts of each case. See Lawrence, 56 F.Supp.2d at 451.

B.       The Permissive Forum Selection Clause Does Not Prohibit Transfer

Plaintiff contends that transfer is inappropriate because Defendants have waived their right to object to venue in New Jersey pursuant to the permissive venue selection clause contained in the License Agreement.

"In federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal, not state, law. Jumara, 55 F.3d at 877. Under Federal Law, a forum selection clause is presumptively valid and enforceable unless the objecting party "establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 202 (3d Cir. 1983); see also The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).

Here, Defendants do not contend that the permissive forum selection clause is unenforceable. Moreover, there is no evidence or allegations of fraud or overreaching and the parties have not demonstrated that litigation in New Jersey would be so inconvenient as to be unreasonable. The permissive forum selection clause is therefore presumptively valid, and will

apply to the claims raised in this case. However, because the forum selection clause is permissive, it was not intended to confer *exclusive* jurisdiction in the New Jersey courts. It can therefore not be said that the forum selection clause conclusively reflects the parties' intent regarding the appropriate forum to litigate claims arising under the License Agreement.

Moreover, while the forum selection clause is entitled to substantial consideration, it should not be given dispositive weight, and is rather one factor to be considered in the convenience-of-the-parties consideration. Jumara, 55 F.3d at 880; see also Plum Tree, Inc. v. Stockment, 488 F.2d 488 F.2d 754, 758 (3d Cir. 1973)(a forum selection clause is a private agreement between the parties that only addresses the convenience of the parties and cannot automatically outweigh the other § 1404(a) factors). The party resisting the enforcement of a valid forum selection clause bears the burden of demonstrating that the choice of forum should not be enforced. RAM Lodging, 2010 WL 1540926, at *2. The Court must therefore analyze whether transfer to the Eastern District of Missouri would be appropriate under the circumstances.

C.      The Action May Be Brought in the Eastern District of Missouri

As a threshold matter, we must decide whether the transferee forum has proper jurisdiction and venue to hear the instant action. See Stewart Org., Inc. v. Ricoh, 487 U.S. 22, 29 (1988). The jurisdiction requirement will ordinarily be considered satisfied when the Defendant is amenable to process in the other jurisdiction, unless the remedy offered by the other forum is clearly unsatisfactory. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 n. 22 (1981). Here, individual Defendant-Guarantors Lourie and Sides reside in the Eastern District of Missouri, Defendant Perry is a Missouri corporation and is deemed to reside in Missouri, and individual Defendant

Schott has sufficient contacts with Missouri, having conducted corporate business from Perry's Missouri office. There is no contention that the remedy offered in Eastern Missouri would be clearly unsatisfactory. Therefore, jurisdiction in the Eastern District of Missouri is proper.

Venue will be considered proper in a diversity action where a substantial part of the events or omissions giving rise to the claim occurred in the transferee forum. See RAM Lodgings, 2010 WL 1540926 at *4, citing 28 U.S.C. § 1391(a)(2). Here, the activities giving rise to the litigation occurred in Missouri and the real property the subject of the litigation is located in Missouri.

Therefore, jurisdiction and venue is appropriate and the claim could have originally been brought in the Eastern District of Missouri.

D.  A Balancing of the Private and Public Factors Weighs in Favor of Transferring Venue

Having demonstrated that the instant action could have been brought in the Eastern District of Missouri, Defendants must further demonstrate that their chosen forum is not only adequate, but also more convenient than the present forum. Lawrence, 56 F.Supp.2d at 451. The Court must balance the various private and public interests in making this determination.

1.  *Private Factors Weigh in Favor of Transfer to the Eastern District of Missouri*

**Plaintiff's Choice of Forum**. A Plaintiff's choice of forum is given great weight in a Section 1404(a) analysis and should not be disturbed unless the balance tips strongly in favor of the Defendant. See Lawrence, 56 F.Supp.2d at 452, citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); see also Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (1970).("It is black letter law that plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *internal marks omitted*).

However, Plaintiff's choice of forum decreases where "the central facts of a lawsuit occur outside the chosen forum." In re Consolidated Parlodel Litigation, 22 F.Supp.2d 320, 323-24 (D.N.J. 1998); see also RAM Lodgings, 2010 WL 1540926 at *6 (allowing transfer in spite of forum selection clause when nearly all of Defendants' alleged failure to perform occurred outside the chosen forum); Ramada Worldwide, Inc. v. Bellmark Sarasota Airport, LLC, No. 05-2309, 2006 WL 1675067, at *3 (D.N.J. June 15, 2006)(allowing transfer when all the relevant acts giving rise to the action occurred in the transferee state and the real property the subject of the suit was located in the transferee state).

Here, Plaintiff has chosen to litigate this action in their home state of New Jersey pursuant to the permissible forum selection clause contained in the License Agreement. However, Plaintiff's choice of forum is not entitled to any special deference, as the central facts of the lawsuit occurred in Missouri.[4]  Therefore, Plaintiff's choice of forum is given slight weight in the balancing of interests.

**Defendants' Choice of Forum.**  Defendants have expressed that they would prefer to litigate the instant matter in the Eastern District of Missouri.  Plaintiff contends that Defendant is prohibited from asserting a preferred forum due to the forum selection clause contained in the License Agreement.

We reject Plaintiff's contention that Defendants have effectively waived their right to

---

[4]As previously noted, Plaintiff alleges a breach of contract arising from Defendant's alleged unauthorized sale of the hotel located in Missouri.  Plaintiff further alleges that the franchisee and guarantors have failed to remit fees allegedly owed as a result of the breach.  The sale was effectuated in Missouri and Defendant's subsequent alleged failure to perform under the Agreement occurred in Missouri.

assert their own convenience by agreeing to the non-exclusive forum selection clause. RAM Lodging, 2010 WL 1540926 at *5. The Third Circuit has held that the determination of whether a forum selection clause amounts to a waiver of the right to seek transfer based on convenience will depend upon whether the clause in mandatory or permissive. See Id. at *6, citing Plum Tree, Inc., 488 F.2d at 758 n. 7. Pursuant to the holding in Plum Tree, this court has held that a permissive forum selection clause does not amount to a waiver of a party's right to seek transfer. Days Inns Worldwide, Inc. v. Rahul, Inc., No. 10-1826, slip op. at 7 (D.N.J. May 24, 2011).

Here, the Forum Selection Clause does not contain any mandatory language that the chosen forum must be New Jersey, and is therefore permissive. The forum selection clause contemplates that a case may be brought in a different forum and can therefore not be said to preclude Defendants from asserting their right to a more convenient forum. Accordingly, the clause does not constitute a waiver of Defendants' right to seek transfer and Defendants may properly assert the Eastern District of Missouri as their preferred forum.

**Whether the Claim Arose Outside the Chosen Forum.** The third private factor is considered to be the most critical to the Court's analysis and may be best understood as a consideration of which forum constitutes the "center of gravity" of the dispute, its events, and transactions. Park International, LLC v. Mody Enterprises, 105 F.Supp.2d 370, 377-78 (D.N.J. 2000); accord RAM Lodging, Inc., 2010 WL 1540926 at *6; Rahul, No. 10-1826, slip op. at 8; see also Days Inn Worldwide v. Inv. Prop. of Brooklyn Center, LLC, No. 08-390, 2009 U.S. Dist. LEXIS 88710, at *9-10 (D.N.J. Sept. 25, 2009). The center of gravity analysis is a fact sensitive inquiry that seeks to identify the forum in which the operative facts giving rise to the litigation occurred.

The heart of Plaintiff's complaint derives from their contention that the Franchisee sold the Missouri hotel without THI's prior authorization. THI alleges that such sale constituted a breach of the License Agreement and that, consequently, the franchisee and guarantors have failed to remit certain fees allegedly owed as a result of the breach. Such breach and subsequent failure to pay fees occurred in Missouri, yet Plaintiff maintains that venue is more appropriate in New Jersey. In support of their choice of forum, Plaintiff provides various contacts between the parties and the Agreement with New Jersey. Plaintiff notes that the License Agreement was approved and executed in New Jersey by THI, that various services provided by THI to Defendants with respect to the Hotel originated in New Jersey, that representatives of THI who interacted with Defendants were supervised in New Jersey, that letters regarding the facility were sent by Defendants and received by Plaintiff in New Jersey, and that the pecuniary injury resulting from the breach and termination of the License Agreement occurred in New Jersey.

Plaintiff therefore contends that transfer to Missouri is inappropriate because the events giving rise to the litigation were not *confined* to Missouri. (Pl. Brief Opp., p. 9, May 23, 2011, ECF No. 9-1). Plaintiff's argument, however, misconstrues the nature of the "center of gravity" analysis. Although Plaintiff provides a list of contacts with New Jersey, it fails to give proper focus to the situs of the crucial facts giving rise to the litigation. On numerous previous instances this Court has found similar contentions to be insufficient to overcome the "center of gravity" determination. See e.g. RAM Lodging, 2010 WL 1540926 at *6 (finding transfer appropriate to forum where Defendant's breach occurred as opposed to situs where services were provided to Defendants, Plaintiff executed the License Agreement, performance under the Agreement was contemplated and undertaken, and Plaintiff's financial damages were realized); Brooklyn Center,

2009 U.S. Dist. LEXIS 88710 at *9 (finding transfer appropriate where, despite Plaintiff's contentions that it approved, executed, and mailed the License Agreement from New Jersey, the facility at issue was located in the transfer forum and most of the facts giving rise to the alleged breach occurred in the transfer forum); Rahul, No. 10-1826, at 8 (allowing transfer when the aspects of the parties' dispute that occurred in New Jersey were not the same as the operative facts giving rise to the claim). Plaintiff's contentions are therefore insufficient to overcome the center of gravity determination, and this factor weighs in favor of transfer.

**Convenience of the Parties.** The convenience of the parties as indicated by their relative physical and financial condition must be weighed in determining a motion to transfer. This Court has found the financial convenience of the parties to be a factor tipping in favor of transfer when one party has provided a supporting certification that they have limited resources to support out-of-state litigation. See Bellmark Sarasota, 2006 WL 1675067 at *5 (transfer appropriate when Defendant asserted that it had limited resources and no assets, while Plaintiff was a large hotel chain with the requisite financial backing to litigate in any state); RAM Lodging, 2010 WL 1540926 at *7 (transfer appropriate when Defendant provided supporting certification stating that it was in a financial crisis as the result of Plaintiff's unlawful conduct, and where Plaintiff failed to allege that it had inadequate resources to litigate in the transferee forum); Rahul, No. 10-1826, at 8 (transfer appropriate where Defendants provided certification that it would suffer financial hardship because it was a small corporation with limited resources compared with Plaintiff who was one of the largest guest lodging facility franchise systems in the country).

Here, Defendants have submitted the Declaration of William R. Schott, President of Defendant Perry Developers. (Schott Decl. April, 2011, ECF No. 6-2). Mr. Schott certifies that

Perry Developers is defunct, does not currently conduct any operations, and does not have any assets or income. (Schott Decl. ¶ 15, April, 2011, ECF No. 6-2).  Mr. Schott further certifies that the individual Defendant-Guarantors are individuals living in or near Missouri who do not have sufficient personal resources to litigate the case in New Jersey. (Schott Decl. ¶ 16, April, 2011, ECF No. 6-2).  Plaintiff, in contrast, is part of a large franchise system and has not made the argument that it has inadequate resources to litigate the claim in Missouri.  In addition, Missouri is the physically convenient location for Defendants.  Defendants Lourie and Sides are citizens of Missouri, Perry Corporation is a Missouri corporation with its place of business in Missouri, and Defendant Schott is a citizen of Illinois who lives near and did business in Perry's Missouri office. The convenience of the parties factor therefore favors transfer to the Eastern District of Missouri.

**Convenience of Witnesses.**  "Witness convenience should be considered only to the extent that any witness may actually be unavailable for trial in one of the fora." Jumara, 55 F.3d at 879; see also Rahul, No. 10-1826, slip op. at 9; RAM, 2010 WL 1540926 at *7.  To the extent that identified key witnesses are beyond the compulsory process of this court, this factor weighs in factor weighs in favor of transfer to the alternative forum. See Bellmark Sarasota, 2006 WL 1675067 at *4 (finding that if Defendants were unable to compel the non-party witnesses' appearance in court, they will be effectively deprived of their day in court).

Here, only Defendants identify a potentially unavailable witness.  Defendants assert that the purchaser of the hotel at issue, a Missouri limited liability company, would be beyond the subprocess of the New Jersey District Court.  As Plaintiff has not identified any key witnesses that would be beyond the process of the Eastern District of Missouri, this factor weighs in favor of transfer.

**Location of Books and Records and Availability in Alternative Forum.**  Finally, the location of the relevant documents will only be considered to the extent that the documents relevant to the litigation would be unduly burdensome or expensive to transport to either forum. See RAM Lodging, 2010 WL 1540926 at * 7; Rahul, No. 10-1826 at 9.  As neither party suggests that the transportation of the relevant documents would prove prohibitively onerous, this factor does not tip the balance in favor of either venue.

2.  *Public Interest Factors Weigh in Favor of Transfer to the Eastern District of Missouri*

Defendants contend that the public interest factors weigh in favor of transfer to the Eastern District of Missouri, as the operative facts that gave rise to the litigation occurred in Missouri, and the hotel, books, records, and most of the witnesses are located in Missouri.  As a result, Defendant maintains that the Eastern District of Missouri would be the more convenient and less expensive forum to litigate the present action.

We agree with Defendants that practical considerations regarding the efficiency and economy of conducting the trial weigh in favor of the Eastern District of Missouri.  We first note that this case is in the early stages of litigation, and there is no reason why either forum would be unable to try this case to completion.  However, as previously stated, the operative facts giving rise to the litigation occurred in Missouri.  As such, it would likely be less expensive and more efficient for the case to proceed in the locale where the breach occurred. See Brooklyn Center, 2009 U.S. Dist. LEXIS 88710 at *11.  Therefore, the Eastern District of Missouri would be the most efficient forum to adjudicate Plaintiff's breach of contract claims.

Both New Jersey and Missouri have an interest in adjudicating the instant action, as each state has an interest in protecting the legal interests of its citizens. See Bellmark Sarasota, 2006 WL 1675067 at *5, citing Travelers Health Ass'n v. Virginia, 339 U.S. 643, 647-48 (1950)(finding state interest in seeing that contractual obligations are faithfully carried out). When both states have an interest in adjudicating the case, this Court has found the balance to tip in favor of the State that was found to be the center of gravity of the actions giving rise to the litigation. See Rahul, No. 10-1826, at 9.  Although Plaintiff asserts that it is a public policy of New Jersey that aggrieved citizens may enforce forum-selection clauses and litigate in New Jersey, our discussion heretofore demonstrates that District Courts sitting in New Jersey have declined to enforce forum selection clauses when the appropriate factors balance in favor of transfer. We therefore conclude that Missouri has a stronger interest in adjudicating the present action.

Finally, Plaintiff points to the choice of law provision in the License Agreement which provides that the Agreement will be governed by and construed under the laws of the state of New Jersey, except for its conflicts of law principles.  While it may be true that "[j]ustice requires that, whenever possible, a diversity case should be decided by the court most familiar with the applicable state law," see RAM, 2010 WL 1540926 at *8 citing NCR Credit Corp. v. Ye Seekers Horizons, Inc., 17 F.Supp.2d 317, 323 (D.N.J. 1998), "federal district courts are regularly called upon to interpret the laws of jurisdictions outside of the states in which they sit." Siemens Financial Services, Inc., No. 09-5709, 2010 WL 3119520, slip op. at 4.  Plaintiff does not advance any theory as to why a District Court in the Eastern District of Missouri would have difficulty applying New Jersey breach of contract law.  Therefore, this factor does not weigh in favor of

retaining the case in New Jersey.

In light of the fact that Missouri has been determined to be the center of gravity of the instant litigation, and no other public interest factors weigh in favor of retaining this case in New Jersey, the public factors weigh in favor of transferring the case to the Eastern District of Missouri.

## CONCLUSION

For the reasons set forth above, Defendants have adequately demonstrated that they should not be bound by the permissive forum selection clause provided in the License Agreement. Defendants have shown that considerations of fairness and convenience as well as the interest of justice weigh in favor of transfer to the Eastern District of Missouri.  Defendants' motion to transfer is therefore **granted**.

 S/ Dennis. M. Cavanaugh                   
Dennis M. Cavanaugh, U.S.D.J.

Date:         November 22, 2011
Original:    Clerk's Office
cc:           All Counsel of Record
               The Honorable Joseph A. Dickson, U.S.M.J.
               Filesdfd